IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY $51,920 IN U.S. CURRENCY SEIZED BY CHESAPEAKE POLICE ON FEBRUARY 10-11, 2024;<br><br>APPROXIMATELY $11,850 IN U.S. CURRENCY SEIZED BY CHESAPEAKE POLICE ON MARCH 13, 2024;<br><br>ONE 9MM TAURUS PISTOL 709 SLIM AND ALL ACCOMPANYING MAGAZINES AND AMMUNITION SEIZED BY CHESAPEAKE POLICE ON FEBRUARY 10, 2024;<br><br>ONE .45 CAL HS PRODUKT PISTOL AND ALL ACCOMPANYING MAGAZINS AND AMMUNTION SEIZED BY CHESAPEAKE POLICE ON FEBRUARY 10, 2024.<br><br>Defendants *in Rem*. | Civil No. 2:25-cv-583 |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

COMES NOW the plaintiff, the United States of America, by and through its counsel, Erik S. Siebert, United States Attorney for the Eastern District of Virginia, and Kevin Hudson, Assistant United States Attorney, and brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**NATURE OF THE ACTION**

1. The United States brings this action *in rem* seeking the forfeiture of all right, title, and interest in the defendants *in rem* identified in the case caption above (together, the "Defendant Property").

2. The defendants approximately $51,920 in U.S. currency seized by Chesapeake Police on February 10-11, 2024 (the "$51,920") and approximately $11,850 in U.S. currency seized by Chesapeake Police on March 13, 2024 (the "$11,850") constitute proceeds of violations of 21 U.S.C. § 841(a)(1) (Distribution of Cocaine and Cocaine Base, both Schedule II controlled substances, and Marijuana, a Schedule I controlled substance), and as such, are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

3. The defendants one 9mm Taurus pistol 709 slim and all accompanying magazines and ammunition (the "Taurus") and one .45 cal HS Produkt pistol and all accompanying magazines and ammunition (the "HS Produkt"), both seized by Chesapeake Police on February 10, 2024, constitute firearms and ammunition involved in and used in a knowing violation of 18 U.S.C. § 922(g)(1) and a knowing violation of 18 U.S.C. § 924(c)(1)(A), and as such, are subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1).

4. In addition, the Taurus and the HS Produkt constitute firearms used and intended to be used to facilitate the transportation, sale, receipt, possession, and concealment of illegally trafficked controlled substances and the proceeds thereof, and as such, are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(11).

## THE DEFENDANTS *IN REM*

5. The Taurus, the HS Produkt, and $25,020 of the $51,920 were seized on February 10, 2024 from a 2013 Honda sedan being operated in the City of Chesapeake, within the Eastern District of Virginia, by Abdul-Wakeel Khabeer Qaabid ("Qaabid").

6. $26,900 of the $51,920 was seized on February 11, 2024 from Qaabid's residence in the City of Chesapeake, within the Eastern District of Virginia.

7. The $11,850 was seized on March 13, 2024 from a residence where Qaabid was staying in the City of Chesapeake, within the Eastern District of Virginia.

8. The Defendant Property is presently in the custody of the Bureau of Alcohol, Tobacco, Firearms, and Explosives in Norfolk, Virginia.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over actions commenced by the United States under 28 U.S.C. § 1345 and over forfeiture actions pursuant to 28 U.S.C. § 1355(a) and (b).

10. This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b)(1)(A) because the acts and omissions giving rise to the forfeiture took place in the Eastern District of Virginia. In addition, the Court has *in rem* jurisdiction under 28 U.S.C. § 1355(b)(1)(B) because the Defendant Property is found within the Eastern District of Virginia, and 28 U.S.C. § 1395(b) provides for forfeiture of property in the district in which the property is found.

11. Venue is proper within this judicial district under 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture took place in the Eastern District of Virginia, and under 28 U.S.C. § 1355(b)(1)(B) and 28 U.S.C. § 1395(b) because the Defendant Property is located in this district.

## FACTUAL ALLEGATIONS

12. On or about February 10, 2024, officers with the Chesapeake Police Department ("CPD") were attempting to serve arrest warrants on Qaabid at his residence in the far northern

portion of the City of Chesapeake. The arrest warrants were issued out of the City of Portsmouth for domestic assault and battery and destruction of property.

13. In furtherance of their attempt to serve the warrants on Qaabid, CPD was conducting surveillance on Qaabid's residence. That evening, CPD observed Qaabid exit his residence and get into the driver's seat of a 2013 Honda sedan registered in his name. After Qaabid started driving, CPD initiated a traffic stop.

14. At first, Qaabid complied with the traffic stop, stopping his 2013 Honda sedan, providing officers with his driver's license, and confirming his identity. CPD told Qaabid that they needed to serve him with a protective order. CPD asked Qaabid to turn off his car and step out so that they could serve him.

15. Qaabid turned the car off, but then immediately turned it back on and pulled from the traffic stop at an excessive rate of speed. In the process, Qaabid struck and damaged three other vehicles, two of which are depicted in the attached government's composite exhibit 1. After Qaabid had crashed into the third car, his airbag deployed, he exited the car, and he continued to flee on foot. The crash with the third car is depicted in the attached government's exhibit 2. CPD set up a perimeter, monitored Qaabid's car, and contacted a canine unit to assist with tracking Qaabid.

16. Pursuant to CPD policy, officers conducted an inventory of Qaabid's car. Within Qaabid's car, CPD found: (1) the Taurus; (2) the HS Produkt; (3) $25,020 of the $51,920, most of which was in a Dillard's bag on the passenger side floorboard; (4) approximately five ounces of cocaine base processed and packaged for sale in a white plastic bag and sitting on the driver's side floorboard next to the Taurus and the HS Produkt; (5) approximately 43 grams of marijuana

packaged for distribution; and (6) three mobile phones. The currency, drugs, and firearms are depicted in the attached government's composite exhibit 3.

17. Meanwhile, a CPD officer and his certified canine arrived to assist with tracking Qaabid's path after fleeing his car. Once deployed, the canine tracked Qaabid from his car to his residence. CPD established a perimeter around the residence and attempted to make contact with Qaabid, but to no avail. Just before midnight on February 10, 2025, CPD applied for and obtained a state search warrant for Qaabid's residence.

18. Upon executing that state search warrant after midnight on February 11, 2025, CPD found evidence in the kitchen, the primary bedroom, and the living room. In the kitchen, CPD found cocaine base and cocaine packaged for sale, cocaine base that had recently been processed in the kitchen sink, baking soda, an additional firearm, and a lease agreement bearing Qaabid's name. These items are pictured in the attached government's composite exhibit 4. In the primary bedroom, CPD found approximately six kilograms of cocaine, $26,900 of the $51,920, and a suitcase bearing a tag with Qaabid's name, phone number, and flight information for a recent trip abroad. Photos of those items are attached as government's composite exhibit 5. The cocaine and the $26,900 were found together inside a safe. In the living room, CPD found drug packaging materials, pictured in the attached government's exhibit 6. The attached government's exhibit 7 depicts all the relevant items seized during the search warrant.

19. The cocaine and cocaine base recovered from both Qaabid's house and car were sent for testing to the Drug Enforcement Administration's ("DEA") laboratory. The DEA laboratory confirmed that the substances seized from Qaabid's house and car, altogether, consisted of 6,188 grams of cocaine and 425 grams of cocaine base.

20. Qaabid had the following prior adult felony convictions: attempted capital murder, use of a firearm during the commission of a felony, and assault and battery on a law enforcement officer. While Qaabid's civil rights were restored on October 5, 2021, the notification sent to Qaabid specified that it did not give him the right to ship, transport, possess, or receive firearms. The Taurus and the HS Produkt were both manufactured outside of the Commonwealth of Virginia and thus affected interstate and foreign commerce.

21. CPD located Qaabid on March 13, 2024 at a residence in the City of Chesapeake, along with his girlfriend. This was a different residence than where Qaabid was living back on February 10, 2024, rather this was the residence of Qaabid's girlfriend. CPD arrested Qaabid. Qaabid's girlfriend then exited the residence and made contact with CPD. Qaabid's girlfriend advised CPD that she had a large sum of currency in her room in a shoebox. CPD did not seize that currency in the shoebox, depicted in the attached government's composite exhibit 8. She also noted that there were two safes in the residence, one under the bed in her room and one in another room of the house. When asked if she was the only person with access to the safes, she declined to answer at that time. Qaabid's girlfriend also told CPD that Qaabid had been staying at her house there for a couple of days.

22. CPD obtained a state search warrant for the residence and then proceeded to search it. That searched turned up the $11,850, thirteen individually packaged bags of cocaine base, drug cutting agents, a sifter, four mobile phones, and a digital scale. The cocaine base, cutting agents, and sifter were all located in the kitchen area, as depicted in the attached government's composite exhibit 9. Three of the four mobile phones were located on a couch in the living room next to a pile of unopened mail in Qaabid's name. The fourth phone was located in a closet belonging to Qaabid's girlfriend. Within a secondary bedroom, CPD located men's

clothing, Qaabid's tax documents from 2021, vehicle documents bearing Qaabid's name, and bank documents in Qaabid's name. Also within that secondary bedroom was a black and gold safe, inside which CPD found the $11,850, as depicted in the attached government's composite exhibit 10.

23. After CPD obtained the aforementioned search warrant, Qaabid's girlfriend admitted that the safe in the secondary bedroom, which contained the $11,850, was not hers. She further advised that the clothing in that secondary bedroom belonged to Qaabid.

24. After Qaabid was taken to the Chesapeake City Jail on March 13, 2024, he placed a call to his sister and his girlfriend. During this call, Qaabid's sister and girlfriend discussed what items law enforcement had seized during the search of the residence earlier that day. Qaabid asked if the money in the safe, referring to the $11,850, was seized. Qaabid was told, "they took everything." Qaabid encouraged his girlfriend to claim the $11,850.

25. On September 24, 2024, Qaabid pleaded guilty in U.S. District Court to possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and possess, use, and carry firearms in furtherance of and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). See United States v. Abdul-Wakeel Khabeer Qaabid, No. 2:24-cr-68 (E.D.Va. Sept. 24, 2024) (Document 34). In his plea agreement, Qaabid specifically agreed to forfeit the Defendant Property. Id. (Document 34, ¶ 11). In the statement of facts filed in support of Qaabid's plea, Qaabid stipulated to the circumstances under which the $51,920 was found, outlined above, and further stipulated that the $11,850 constituted drug proceeds. Id. (Document 31). Although the docket in case 2:24-cr-68 reflects that a consent order of forfeiture was entered on September 25, 2024, the document

cannot be accessed from PACER and it appears the document cannot be located, leading to the filing of this civil forfeiture action.

26. On June 17, 2025, Qaabid was sentenced to 156 months for the cocaine trafficking offense and 60 months consecutive on the firearm offense, for a total of 216 months in prison.

**COUNT 1**
**(Forfeiture under 21 U.S.C. § 881(a)(6))**

27. The United States incorporates by reference Paragraphs 1 through 26 as if fully set forth herein.

28. Title 21, United States Code, Section 881(a)(6) subjects to forfeiture, "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

29. As set forth above, the $51,920 and $11,850 constitute proceeds of violations of 21 U.S.C. § 841(a)(1) (Distribution of Cocaine and Cocaine Base, both Schedule II controlled substances, and Marijuana, a Schedule I controlled substance).

30. As such, the $51,920 and $11,850 are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

**COUNT 2**
**(Forfeiture under 18 U.S.C. § 924(d)(1))**

31. The United States incorporates by reference Paragraphs 1 through 26 as if fully set forth herein.

32. Title 18, United States Code, Section 924(d)(1) subjects to forfeiture, "[a]ny firearm or ammunition involved in or used in any knowing violation of subsection…(g)…of section 922…or any knowing violation of section 924."

33. As set forth above, Qaabid possessed the Taurus and the HS Produkt knowing that he was a previously convicted felon whose right to possess firearms had not been restored, in violation of 18 U.S.C. § 922(g)(1).

34. As set forth above, Qaabid possessed the Taurus and the HS Produkt in furtherance of his possession with intent to distribute cocaine, cocaine base, and marijuana, in violation of 18 U.S.C. § 924(c)(1)(A).

35. As such, the Taurus and the HS Produkt are subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1).

## COUNT THREE
### (Forfeiture under 21 U.S.C. § 881(a)(11))

36. The United States incorporates by reference Paragraphs 1 through 26 as if fully set forth herein.

37. Title 21, United States Code, Section 881(a)(11) subjects to forfeiture, "[a]ny firearm…used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of property described in [21 U.S.C. §§ 881(a)(1) and (a)(2)] and any proceeds traceable to such property."

38. As set forth above, Qaabid possessed the Taurus and the HS Produkt in furtherance of his possession with intent to distribute cocaine, cocaine base, marijuana, and the $51,920 constituting drug proceeds.

39. As such, the Taurus and the HS Produkt are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(11).

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff requests that judgment be entered in its favor against the Defendant Property; that pursuant to law, notice be provided to all interested parties to appear and show cause why the forfeiture should not be decreed; that the defendant property be forfeited to the United States of America and delivered into its custody for disposition according to law; that plaintiff be awarded its costs and disbursements in this action; and for such and further relief as this Court may deem just and proper.

Dated:  September 16, 2025

        Respectfully submitted,

        ERIK S. SIEBERT
        UNITED STATES ATTORNEY

By:       /s/ Kevin Hudson
        Kevin Hudson
        Assistant United States Attorney
        Virginia State Bar No. 81420
        Attorney for the United States
        11815 Fountain Way, Suite 200
        Newport News, VA 23606
        Office Number: (757) 591-4000
        Facsimile Number: (757) 591-0866
        Email Address:  kevin.hudson@usdoj.gov

## **VERIFICATION**

I, Edward F. Winkelspecht, III, Special Agent, Bureau of Alcohol, Tobacco, Firearms, and Explosives, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture *in Rem* is based on information known by me personally and/or furnished to me by various federal, state, and local law enforcement agencies, and that everything contained herein is true and correct to the best of my knowledge.

Executed at __NORFOLK__, Virginia, this __12th__ day of __SEPTEMBER__, 2025.

_____
Edward F. Winkelspecht, III
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives